UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILTONOUS Q. KINGDOM,<br><br>    Plaintiff,<br><br>    v.<br><br>G. HERRERA,<br><br>    Defendant. | Case No. 2:23-cv-0874-JDP (P)<br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se and *in forma pauperis*, filed this civil rights case alleging that defendant correctional G. Herrera used excessive force against him. ECF No. 1. On January 24, 2024, the court issued a discovery and scheduling order that set the dispositive motion deadline at November 21, 2024. ECF No. 23. On November 18, 2024, defendant sought an extension of time, until January 20, 2025, to file a dispositive motion—a request which the court granted. ECF No. 26. Defendant then filed a second request for an extension of time until January 27, 2025; the court also granted this request. ECF No. 28. Now, defendant has filed a motion to stay because defendant is deployed. ECF No. 29.

    In the motion, defendant's counsel explains that defendant has been "placed on extended miliary leave and is actively deployed." *Id.* at 1. Counsel further explains that a stay is necessary

1

"[b]ecause it is not apparent when Defendant's deployment will be complete or how feasible it is to communicate with him as federal property elsewhere in the world, Defendant wishes not to mistakenly ascribe a date of return that may prove inaccurate." ECF No. 29-1 at 2. Five days later, defense counsel filed a declaration from T. Edwards-Zinn, a personnel supervisor at California State Prison-Sacramento. ECF No. 30. Mr. Edward-Zinn stated that defendant was placed on miliary leave in August 2024 and that defendant's leave is expected to be completed by June, though that date is subject to change. *Id.* at 2.

While not argued by defendant, the court will look to Servicemembers' Civil Relief Act ("SCRA") to assess whether to temporarily stay these proceedings.[1] The SCRA permits a court to temporarily stay any court proceedings "that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. § 3902. The purpose of the SCRA is "to provide for, strengthen, and expedite the national defense" by protecting servicemembers from the burden of litigation and to enable them "to devote their entire energy to the defense needs of the Nation." *Id.* "The language of [the Act] is clear. Where the serviceperson seeking the stay is a defendant, the decision to grant a stay . . . turns on the discretionary determination of whether the serviceperson's ability to conduct his defense will be materially affected by reason of his military service." *Bown v. Hammerskin Nation*, 2001 WL 36097484, at *2 (C.D. Cal. May 24, 2001).

Pursuant to the SCRA and "upon application by the servicemember," a court shall stay a civil action involving a party that "is in military service or is within 90 days after termination of or release from military service" for a period of no less than ninety days. 50 U.S.C. §§ 3932(a)(1), (b)(1). An application for stay has two requirements: (1) a "letter or other communication" from the servicemember expressing why his or her military service will affect his or her ability to appear and providing a date when the servicemember will be able to appear; and, (2) a letter or other communication from the servicemember's commanding officer stating the servicemember's current military duty prevents his or her appearance and that military leave

---

[1] Defendant did not articulate a legal basis for his motion to stay.

is not authorized at the time of the communication. *See* 50 U.S.C. § 3932(b)(2). If the conditions for stay are met, the servicemember "may apply for an additional stay based on continuing material affect of military duty on the servicemember's ability to appear." 50 U.S.C. § 3932(b)(2)(d).

Defendant has not complied with either requirement under 50 U.S.C. § 3932(b)(2). The motion provides no communication from either defendant or his commanding officer. Indeed, defense counsel's declaration does not state that he has spoken with defendant or that defendant's active duty will prevent him from participating in the case. More troubling is the fact that Mr. Edward-Zinn attested that defendant was deployed in August 2024—eight months *after* the court's order setting the dispositive motions deadline. At no point between August 2024 and January 2025 did defense counsel inform the court that he had no contact with defendant due to defendant's deployment. Indeed, defendant's prior motions to modify the dispositive motion deadline never mention defendant's deployment or apparent lack of communication. *See* ECF Nos. 25 & 27. Defendant's motion to stay is denied. Defendant may file a renewed motion to stay that complies with the SCRA or another applicable legal basis.

Accordingly, it is hereby ORDERED that defendant's motion to stay, ECF No. 29, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:    February 25, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3