UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILTONOUS Q. KINGDOM,

Plaintiff,

v.

G. HERRERA,

Defendant.

Case No. 2:23-cv-0874-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brought this action under section 1983 alleging that defendant G. Herrera violated his Eighth Amendment rights by using excessive force against him. ECF No. 1 at 3-4. Defendant has moved for summary judgment, ECF No. 39, plaintiff has filed an opposition, ECF No. 44, and defendant has filed a reply, ECF No. 45. After reviewing the pleadings, I find that defendant's motion should be denied. I will order that the Clerk of Court assign a district judge to his action and submit the recommendations below.

One motion, however, must be addressed at the outset. After defendant filed his motion for summary judgment, plaintiff filed a motion to stay ruling on the motion and to reopen discovery. ECF No. 50. Therein, plaintiff argues that he should be permitted to conduct additional discovery because he learned that defendant was involved in a different excessive force incident with another inmate. *Id.* at 6. In a section 1983 action, however, evidence of prior bad

acts is inadmissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Such evidence may be admitted for other purposes, such as proof of motive, but plaintiff does not argue that the evidence has such application here. As defendant points out in his opposition to the stay, plaintiff has not sufficiently explained how this other alleged use of force relates to his own allegations. Moreover, I find that the interests of justice do not favor another round of discovery. Discovery ended in July 2024 and has now been closed for more than a year. ECF No. 23. Plaintiff has not shown that he has been diligent in pursuing discovery, either prior to the deadline or in the months afterward. Instead, he waited until after defendant filed a motion for summary judgment to request an extension of that deadline. His motion to stay and reopen discovery is denied.

I will also deny plaintiff's numerous other pending motions, including his "dispositive motion," ECF No. 38, which I construe as his own motion for summary judgment. That six-page motion provides no evidence or substantive argument and is composed, almost entirely, of case law concerning the standards for pro se litigants and summary judgment. It does not show that there is no genuine dispute of material fact.

I turn now to defendant's motion for summary judgment.

**Legal Standards**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a

single claim . . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position. *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the record not cited to by the parties, but it is not required to do so. *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323). The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

"[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted). The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

## Analysis

### I. Plaintiff's Account

Plaintiff alleges that on October 28, 2022, he was headed to a facility visiting room at California State Prison-Solano. ECF No. 1 at 3. An unnamed correctional officer held a door for him, and plaintiff alleges that, after that officer told him to "hurry up," he began to jog toward the doorway. *Id.* Once he entered the visiting room, however, he alleges that defendant Herrera ordered him into handcuffs and began escorting him to the program office. *Id.* Herrera, who had apparently ordered plaintiff to stop running during the aforementioned jog, asked plaintiff why he had ignored his orders. *Id.* Plaintiff claims that he told defendant that he did not hear his order. *Id.* Herrera then allegedly began to aggressively twist plaintiff's hand and/or wrist, stopping only when another officer intervened and took over the escort. *Id.*

### II. Defendant's Account

Defendant claims that, during the relevant events, he observed plaintiff running across the facility yard, which is not permitted. ECF No. 39 at 7. He gave plaintiff multiple orders to stop running, but plaintiff allegedly ignored them. *Id.* Defendant then questioned plaintiff in the visiting room where, he alleges, the latter began to grow agitated. *Id.* Defendant placed plaintiff in restraints and began to escort him to a holding cell. *Id.* at 7-8. Plaintiff allegedly attempted to impede the escort by refusing to walk. *Id.* To better control plaintiff, defendant claims he utilized an "accordion hold," a method officers are taught in training that involves placing one hand on an inmate's arms and the other on his wrist. *Id.* at 8.

**III. Summary Judgment is Inappropriate**

Defendant argues that, even if the alleged twist of the hand/wrist occurred, there is no evidence that it was undertaken for the purpose of causing harm. ECF No. 39 at 10. To sustain an Eighth Amendment excessive force claim, a plaintiff must show that the defendant "(1) acted for the very purpose of causing harm; (2) used excessive and unnecessary force under all of the circumstances; and (3) caused the plaintiff harm." *Reid v. United States*, 825 F. App'x 442, 445 (9th Cir. 2020). The Supreme Court has emphasized that "the core judicial inquiry" in excessive force claims is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In his deposition, plaintiff equivocated, stating first that the use of force "had to be intentionally (sic)," and later that he could not say whether defendant's actions were intentional, he knew only that the "the actions happened." ECF No. 39-6 at 30. In his opposition, however, plaintiff clarifies his allegation that defendant was acting "agitated" and "hostile" during the escort, and that defendant was the one who stopped the escort and unnecessarily twisted his hand or wrist. ECF No. 47-1 at 6-7. These differing accounts present a genuine dispute of material fact.

In support of his motion, defendant offers video footage of the escort and asserts that it shows that plaintiff stopped walking on his own.[1] The video does show that the escort pauses, but I cannot determine whether plaintiff or defendant effects that pause. After several seconds, other officers gather, and plaintiff is escorted into a nearby building without further incident. Nevertheless, given the type of force alleged in this case, the visual absence of a substantial altercation or brawl is not dispositive. Additionally, the video's angle and distance make it unreliable for determining exactly what did occur. The relevant incident, occurring when the escort is stopped, is far from the camera, and there is, as far as I can tell, no audio to assist the

[1] Defendant has filed a motion seeking to have that footage filed under seal. ECF No. 40. He argues that public disclosure of the footage could threaten institutional security at the prison, and the safety of staff and other inmates. *Id.* at 2; ECF No. 40-1 at 2. I find that the motion to seal is properly supported and will direct that the video footage be filed under seal, with the Clerk's Office.

viewer in determining what is happening. Accordingly, I find that the video does not resolve the genuine dispute of material fact.

In addition to his own declaration, defendant has submitted a declaration from Noriega, the correctional officer whom plaintiff alleges intervened and took control of the escort from defendant. Therein, Noriega states that the events in question could not have occurred on October 28, 2022, since she was not at the facility in question on that date. ECF No. 39-4 at 2. But both plaintiff and defendant appear to agree that the escort occurred on October 28, 2022. ECF No. 1 at 3; ECF No. 39-2 at 2. Thus, it is unclear if Noriega's memory as to her presence on that date is faulty, or if she is recalling a separate escort. She states that she does recall Herrera escorting plaintiff on a different, unspecified day but, on that day, plaintiff was resistant to the escort and refused to proceed until she stepped in to deescalate the situation. *Id.* Afterwards, she and defendant completed plaintiff's escort together. *Id.* Noriega declares that she did not see defendant use any force during the escort. *Id.* This declaration, the confusion over the date notwithstanding, bolsters defendant's narrative, but it does not, absent some corroborating evidence, conclusively resolve the factual dispute.

Finally, I reject defendant's argument that he is entitled to qualified immunity. He contends that:

> There is no clearly established law or binding authority that would have informed every reasonable official in Defendant's position that the use of a routine hold taught in the academy and in yearly trainings to assist maintaining order and control during an escort would constitute excessive force. To that end, the hold utilized in this situation is not recognized as a use of force to begin with.

ECF No. 39 at 11. For the purposes of determining qualified immunity, however, I must view the evidence in the light most favorable to plaintiff, *see Sandoval v. Cty. of San Diego*, 985 F.3d 657, 671 (9th Cir. 2021), and he alleges that defendant twisted his wrist unnecessarily, not to gain compliance, but out of an intent to harm or cause pain, ECF No. 1 at 3. It was clearly established law at the time of the incident that an officer violates a prisoner's right when he uses force against a non-resistant inmate, not for any legitimate penological objective, but solely for the purposes of causing pain. *See Wilkins*, 559 U.S. at 37.

<u>Conclusion</u>

It is ORDERED that:

1. Defendant's request to seal documents, ECF No. 40, is GRANTED. The video footage submitted in support of Defendant's Motion for Summary Judgment, attached as Exhibit A to the declaration of H. Hutcheson, ECF No. 39-8, shall be filed under seal and reviewed *in camera* only.

2. Plaintiff's motion for extension of time to rule, ECF No. 46, motion to stay ruling, ECF No. 50, and motion to file supplemental briefing, ECF No. 53, are DENIED.

3. Defendant's motion to strike, ECF No. 51, is DENIED. I have considered only plaintiff's opposition in deciding the motion for summary judgment.

4. The Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's "dispositive motion," ECF No. 38, and defendant's motion for summary judgment, ECF No. 39, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: July 24, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE